IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **MARK DOUGLAS ADAMS**  §  §  §<br>   **Plaintiff**          §  §<br>                       §<br>**v.**                  §    Case No. 6:21cv195-JDK-JDL<br>                       §<br>**DIRECTOR, TDCJ-CID**   §  §<br>   **Defendant**        §  § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mark Douglas Adams originally filed a habeas corpus petition complaining of disciplinary action which he received. This petition also included claims of denial of medical care and that prison officials did not protect him. The medical care and failure to protect claims were severed out into the present lawsuit, which the Court referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

In the order of severance, the Court ordered Plaintiff to file a standard § 1983 lawsuit form addressing these claims, as well as an application for leave to proceed *in forma pauperis*. Plaintiff filed objections to the order but did not comply, and the Magistrate Judge issued a Report recommending that the lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court.

Plaintiff objected to the Report and filed an application for leave to proceed *in forma pauperis*. He later filed a document which he styled as an amended complaint, but this document did not comply with the Court's order to address the civil rights claims from his petition. Instead, his purported amended complaint named as defendants Bobby Lumpkin, the Director of the Texas Department of Criminal Justice - Correctional Institutions Division, and David O'Toole, the Clerk of this Court. He claimed that Lumpkin violated his rights by not enforcing laws and TDCJ regulations, in violation of Article 493.006 of the Texas Government Code, and that O'Toole

violated his rights by "all the erroneous filings of evidence" in three other lawsuits which Plaintiff has filed.

After review of Plaintiff's pleadings, the Magistrate Judge issued a second Report recommending that the present lawsuit be dismissed for failure to state a claim upon which relief may be granted. The Magistrate Judge also recommended that the statute of limitations be suspended for a period of 60 days following the date of entry of final judgment.

Plaintiff filed objections to this Report arguing that he stated a claim in his original petition, as shown by the fact that his civil rights claims were severed into a new case. He says he wanted copies of evidence which he had filed in his other cases, but the dockets of his other cases do not reflect that Plaintiff ever requested copies of his exhibits. He complains his other cases were dismissed because of the alleged "misfiling of evidence," but review of the dockets in those cases does not substantiate this claim. Cause no. 6:19cv565 was dismissed as frivolous and for failure to state a claim on February 23, 2021, and cause no. 6:20cv295 was transferred to the U.S. District Court for the Western District of Texas on June 8, 2020. Cause no. 6:20cv340 was the habeas petition out of which the present case was severed, and the habeas claims in that case were dismissed because Plaintiff did not show that the punishments imposed in the disciplinary case at issue implicated any constitutionally protected liberty interests.

Plaintiff's allegations of denial of medical care and failure to protect were severed out of his habeas petition because such claims are not properly brought in habeas petitions, as the Court explained in that case. The Court then provided Plaintiff with an opportunity to file an amended complaint addressing his civil rights claims. After reviewing the Plaintiff's pleadings, the Magistrate Judge correctly determined that neither Plaintiff's original petition nor his amended complaint stated a claim upon which relief may be granted because these pleadings consisted of little more than "unadorned, the-defendant-harmed-me" accusations and naked assertions devoid of further factual enhancements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's claims that Lumpkin and O'Toole are liable for the actions of their subordinates likewise fail to state a claim upon which relief may be granted because government officials may not be held liable for the conduct of their

subordinates under a theory of supervisory liability. *Id.* at 676; *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 23) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. It is further **ORDERED** that the statute of limitations is suspended for a period of sixty (60) days following the date of entry of final judgment. All motions not previously ruled upon are **DENIED**.

So **ORDERED** and **SIGNED** this **17th**  day of  **March, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE